### RAIMS v. PENZA.

(Supreme Court, Appellate Term. November 29, 1907.)

TRIAL—TRIAL BY COURT—DUTY OF COURT—DIRECTION OF VERDICT.

Where, in an action for two weeks' salary due under a parol contract of employment terminated by plaintiff giving the required notice, defendant gave evidence that the contract was not to terminate until a specified time, and that before that time plaintiff stated that he was forced to break his contract, and agreed that he would leave the employment for two weeks and leave the salary with defendant, to be retained as liquidated damages if he failed to return and complete the contract, the action of the court in refusing to hear further evidence and rendering judgment for plaintiff was error calling for reversal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 390–395.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Giovanni Raims against Raffaele Penza. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Morris Meyers, for appellant.
Giuseppe L. Maggio, for respondent.

PER CURIAM. The plaintiff, an actor, sued on oral complaint to recover two weeks' salary. The defendant pleaded a general denial and "breach of contract." The evidence of the plaintiff tended to support his contention that the contract of hiring was for an indefinite period, and that it reserved to him the privilege of cancellation upon two weeks' notice, which notice he gave. The defendant, to establish his defense, submitted proof that the contract, made in January, 1907, was not to terminate until the following May; that in the latter part of January the plaintiff stated that he was forced to break his contract in order to work at a rival hall; that he (the defendant) insisted that the plaintiff was under contract until May 1st, whereupon the plaintiff

agreed that he would go to the other hall for two weeks, and that he would leave two weeks' salary with the defendant, to be retained as liquidated damages if he failed to return and complete his contract.

The defendant's version of the employment was supported by the testimony of a disinterested witness, and his testimony as to the circumstances and conditions under which the plaintiff left in January was corroborated by another disinterested witness. This evidence certainly required some explanation on the part of the plaintiff; but, without calling upon him to offer any evidence to rebut the defendant's proof, the court at the close of the defendant's case abruptly ordered the last witness to "step down," and stated:

"I will hear no more witnesses in this case. Judgment for the plaintiff, $32."

It is unnecessary to comment on the character or weight of the evidence adduced. Suffice it to say that the action of the trial judge was neither proper nor calculated to subserve the ends of substantial justice. The defendant was thereby deprived of his day in court, and he is entitled to have the issue which he presented tried.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.